# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

## IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF:   )<br>   )<br>THE COMPLAINT OF CARPE DIEM   )<br>1969 LLC, AS OWNER AND EAST   )<br>END WATERSPORTS, LTD., d/b/a   )<br>NAUTI NYMPH POWERBOAT   )<br>RENTALS, AS OWN PRO HAC VICE   )<br>OF THE NAUTI NYMPH #54 (hull   )<br>identification number RJDU0003K112)   )<br>ITS ENGINES, TACKLE   )<br>APPURTENANCES, EQUIPMENT,   )<br>ETC., IN A CAUSE OF EXONERATION   )<br>FROM OR LIMITATION OF   )<br>LIABILITY,   )<br>   )<br>                    Petitioners.   ) | CASE NO.: 3:17-cv-00056-CVG-RM |

## ANSWER AND CLAIM

Claimants Susan Graham and Michael Graham answer the Complaint as follows:

1. Claimants admit the allegations in paragraph 1.

2. Claimants admit the allegations in paragraph 2.

3. Claimants admit the allegations in paragraph 3.

4. Claimants lack sufficient information to admit or deny the allegations in paragraph 4 and on that basis deny them.

5. Claimants lack sufficient information to admit or deny the allegations in paragraph 5 and on that basis deny them.

6. Claimants lack sufficient information to admit or deny the allegations in paragraph 6 and on that basis deny them.

7. Claimants admit the allegations in paragraph 7.

8. Claimants admit the allegations in paragraph 8.

9. Claimants admit the allegations in paragraph 9.

10. Claimants admit the allegations in paragraph 10.

11. Claimants deny the allegations in paragraph 11.

12. Claimants admit the allegations in paragraph 12.

13. Claimants deny the allegations in paragraph 13.

14. Claimants admit that Petitioners claim the benefit of limitation of liability under 46 U.S.C. § 30501.

15. Claimants lack sufficient information to admit or deny the allegations in paragraph 15 and on that basis deny them.

16. Claimants admit the allegations in paragraph 16.

17. Claimants admit the allegations in paragraph 17.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Claimants, in filing this Answer, reserve all rights to pursue all available claims in the forum of their choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer in no way constitutes a waiver of these rights and defenses, and Claimants do not, through this filing, agree to join all issues in this proceeding.

3. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Claimants, in filing this Answer, reserve the right to move for bifurcation of this action so as to enable Claimants to select a court of their choosing for all fact

issues other than whether Petitioners were negligent, and whether such negligence and/or unseaworthiness were within Petitioners' knowledge or privity.

4. The Limitation of Liability Act, 46 U.S.C. §30501 et seq., is unconstitutional, because it violates Claimants' Fifth and Fourteenth Amendment rights under the United States Constitution to due process of and equal protection under the law.

5. Petitioners are not "vessel owners" entitled to seek exoneration from or limitation of liability under 46 U.S.C. §30501 et seq.

6. The Limitation of Liability Act does not apply to this case, because, at all relevant times, Nauti Nymph #54 was operated in a willful, wanton and reckless manner, or, alternatively, the conduct and actions resulting in Claimants' injuries took place with the privity and knowledge of Petitioners.

7. To the extent that the Court determines that the Limitation of Liability Act applies to this case, this limitation proceeding should include any and all proceeds from insurance coverage insuring Petitioners for events underlying this case.

8. Claimants reserve the right to contest the appraisal value of the Nauti Nymph #54, their appurtenances, and the adequacy of the security thereof.

9. The Limitation of Liability Act does not apply to this case, because, at all relevant times, Nauti Nymph #54 was known by Petitioners to be unseaworthy.

10. The Limitation of Liability Act is unavailable to Petitioners' insurers.

11. Petitioners have failed to make out a *prima facie* case establishing that they are entitled to avail themselves of the Limitation of Liability Act.

12. Petitioners are not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because the events culminating in the

injuries of Claimants were the result of the negligence of Petitioners, the negligence of those under Petitioners' control, or the unseaworthiness of Nauti Nymph #54, all of which were within the privity and knowledge of Petitioners.

13. The events culminating in the injuries of Claimants were not the result of their negligence or fault.

## CLAIM

1. Claimant Susan Graham is a citizen of Illinois.

2. Claimaint Michael Graham is a citizen of Illinois.

3. Petitioner East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals, is a U.S. Virgin Islands corporation with its principal place of business on St. Thomas.

4. Petitioner Carpe Diem 1969, LLC, is a Virgin Islands limited liability company with its principal place of business on St. Thomas.

5. East End Watersports, Ltd., and Carpe Diem 1969, LLC (collectively "Nauti Nymph") are sister corporations that jointly operate boat tours and excursions on St. Thomas and St. John.

6. In November 2016, Susan Graham was vacationing on St. John with her husband, Michael Graham, and some friends. On November 26, the Grahams booked an excursion with Nauti Nymph. The Grahams booked two boats, with seven passengers assigned to each boat. The boats departed Cruz Bay, St. John at 9:15 a.m.

7. Dan Conashevick captained the Nauti Nymph boat on which Susan Graham was a passenger (Nauti Nymph #54). Taylor Melton captained the other boat. Conashevick and Melton were employees of Nauti Nymph and at all relevant times were acting in the course and scope of their employment.

8. When the boats departed St. John, there was a small craft advisory warning in effect due to high seas. Conashevick did not give the passengers a safety briefing or warn them of any risks concerning the rough seas.

9. The boats encountered rough seas about 30 minutes after leaving St. John. To avoid the rough seas, Taylor drove his boat perpendicular to the waves and nearer to the shore, where the waters were calmer.

10. Conashevick, however, continued to drive his boat at high speed into the rough seas. While observing Conashevick's boat, Captain Melton commented to his passengers that he could not understand why Conashevick was not taking his boat closer to shore to avoid the rough seas.

11. As Conashevick's boat crashed into the waves, several passengers were thrown around the boat and shouted at Conashevick to slow down. Conashevick ignored these warnings and continued to drive at high speed into the waves.

12. Susan Graham, who was seated on a bench at the front of the boat, was thrown up and down in her seat as the boat crashed into the large waves. The force of the impact fractured her thoracic spine.

13. Susan Graham was taken by ambulance to a hospital on St. Thomas, where she was stabilized and given morphine. She returned to Illinois the next day and underwent eight hours of surgery to repair her back.

14. Nauti Nymph had no policies or procedures for instructing passengers about precautions to take in the event the boat encountered high waves. The passengers, including Susan Graham, received no instructions or warnings about safety precautions to take if the boat encountered high waves.

15. On information and belief, Nauti Nymph failed to train Conashevick concerning the safe operation of the boat in high seas. Nauti Nymph had no policies, procedures or restrictions concerning the operation of its boats in high seas.

## NEGLIGENCE OF PETITIONERS

16. Plaintiffs repeat and reallege paragraphs 1-15, above.

17. Nauti Nymph owed Susan Graham and its other customers a duty to use reasonable care in the operation of Nauti Nymph #54.

18. Nauti Nymph breached this duty of care and was negligent for the following reasons:

- failing to establish and enforce safety rules governing the operation of Nauti Nymph #54 in high seas;

- failing to properly train and supervise its employees in the safe operation of Nauti Nymph #54 in high seas;

- failing to properly warn Graham and other passengers about the dangers associated with high seas; and,

- failing to implement policies or procedures for instructing passengers about precautions to take in the event the boat encountered high waves. The passengers, including Susan Graham, received no instructions or warnings about safety precautions to take if the boat encountered high waves.

19. Nauti Nymph is vicariously liable for the negligence and gross negligence of Dan Conashevick, who operated Nauti Nymph #54 at a dangerous speed in high seas and ignored the warnings of his passengers that they were in danger.

20.     As a direct and proximate result of Nauti Nymph's negligence, Susan Graham was knocked off her feet and broke her back. Susan Graham's damages include past and future medical expenses, lost earnings, pain and suffering, disability and loss of enjoyment of life.

21.     As a result of the boating accident described above, Susan Graham sustained significant and permanent injuries. Before suffering these injuries, Susan Graham performed all the duties of a wife, including but not limited to maintaining the home, providing love, companionship, affection, society, sexual relations, moral support, and solace to her husband, Michael Graham.

22.     Michael Graham suffered a loss of society and consortium as a result of the injuries to his wife.

**WHEREFORE**, Claimants demand:

a.  Judgment against Nauti Nymph in an amount within the jurisdictional limits of the Court;

b.  The dismissal of Petitioners' complaint seeking exoneration or limitation of liability;

c.  Permission to proceed with their claims without prepayment of costs; and,

d.  All other relief to which Claimants are entitled in law or equity.

## Demand for Jury Trial

Claimants demand a trial by jury.

**COLIANNI & COLIANNI, LLC**
Attorneys for Claimants

DATED: August 17, 2017         By:      /s/Vincent A. Colianni
                                        Vincent A. Colianni
                                        Vincent Colianni, II
                                        1138 King Street
                                        Christiansted, VI 00820
                                        Telephone: (340) 719-1766
                                        Facsimile: (340) 719-1770

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Niva M. Harney-Hiller, Esq.
Hamilton, Miller & Birthisel, VI P.C.
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
mharney@hamiltonmillerlaw.com

                              /s/Vincent Colianni, II
                              Vincent Colianni, II
                              Vincent A. Colianni
                              1138 King Street
                              Christiansted, St. Croix
                              U.S. Virgin Islands 00820
                              Telephone: (340) 719-1766
                              Fax: (340) 719-1770