DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IN THE MATTER OF: )
)
THE COMPLAINT OF CARPE DIEM 1969 )
LLC, AS OWNER and EAST END )
WATERSPORTS, LTD., d/b/a NAUTI ) Civil No. 2017-56
NYMPH POWERBOAT RENTALS, AS )
OWNER PRO HAC VICE OF THE NAUTI )
NYMPH #54 (hull identification )
number RJDU0003K112), ITS )
ENGINES, TACKLE, APPURTENANCES, )
EQUIPMENT, ETC., IN A CAUSE OF )
EXONERATION FROM OR LIMITATION )
OF LIABILITY, )
)
Petitioners. )
)

**ATTORNEYS:**

**Niva Maria Harney-Hiller, Esq.**
**Jennifer Quildon Brooks, Esq.**
Hamilton Miller & Birthisel
Miami, FL
   *For the petitioners,*

**Vincent A. Colianni, Esq.**
**Vincent A. Colianni, II, Esq**
Colianni & Colianni
St. Croix, VI
   *For Susan Graham and Michael Graham.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Carpe Diem 1969 LLC and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals to approve an *ad interim* stipulation and to issue a monition and injunction.

# I.     FACTUAL AND PROCEDURAL HISTORY

Susan Graham alleges that on or about November 26, 2016, she was a passenger on board the Nauti Nymph #54 ("the vessel"). Nauti Nymph #54 is a motor vessel owned by Carpe Diem 1969 LLC and operated and possessed by East End Watersports, Ltd. (collectively, the "owners"). The captain of the vessel operated the vessel at high speeds in rough seas. As a result, Susan Graham fell and fractured her thoracic spine.

Susan Graham and Michael Graham (the "Grahams") filed suit in the Superior Court (the "Superior Court Action") against the owners.

The owners then filed the instant limitation of liability action in this Court (the "federal limitation action"). ECF No. 1. The owners also filed a motion seeking: (1) the entry of an *ad interim* stipulation; and (2) the issuance of a monition and an injunction (the original "injunction motion") restraining any proceedings against the owners that pertained to the dependent limitation action. The injunction motion asserts that the value of the vessel is $287,658.

The Grahams filed an answer to the federal limitation case. In their answers, the Grahams asserted claims. ECF No. 7. On November 6, 2017, the judge in the Superior Court Action stayed that matter. *See* ECF No. 26-1.

On January 16, 2018, the Grahams filed an unopposed motion in the federal limitation action (the "stay motion") seeking to: (1) stay the federal case, and (2) lift the stay in the Superior Court Action.

On March 23, 2018, the Court denied the owner's injunction motion. The owners have now filed a renewed motion (the "current stay motion") seeking approval of an *ad interim* stipulation and issuance of a monition and injunction.

## II.  DISCUSSION

The Limitation of Liability Act grants shipowners the right to limit liability for injury and damage claims arising out of accidents involving their vessels. *See* 46 U.S.C. § 30501, *et seq*. As the Supreme Court has explained, the animating purpose of the Act:

> was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board.

*Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 214 (1927). To that end, the Act provides that the liability of a shipowner arising out of a maritime accident "shall not exceed the value of the vessel and pending freight," so long as the accident occurred "without the privity or

knowledge of the owner." 46 U.S.C. § 3505. These protections extend to the owners of pleasure vessels. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228-29 (11th Cir. 1990).

Supplemental Rule F of the Federal Rules of Civil Procedure outlines the procedure to be followed in limitations actions. First, a shipowner must file a complaint in an appropriate district court within six months of receiving written notice of a claim. Fed. R. Civ. P. Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(a). Thereafter, the shipowner must deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel . . . , or approved security therefor." Supplemental Rule F(1); *see also* 46 U.S.C. § 20511(b)(1). If the shipowner opts to provide the district court with approved security for the cost of the vessel, he must also give security "for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). Additionally, the shipowner must provide security for costs and "such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." *Id.*; *see also* 46 U.S.C. § 30511(b)(1).

After a shipowner files a limitation of liability complaint and complies with the requirements of Supplemental Rule F(1), the district court must stay all proceedings against the

shipowner that involve issues arising out of the subject matter of the limitation action. *See* Supplemental Rule F(3); 46 U.S.C. § 30511(c). The district court will then issue a monition "direct[ing] all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman v. Cerasia*, 2 F.3d 519, 523 (3d Cir. 1993) (internal quotation marks omitted); *see also* 46 U.S.C. § 30511(c); Supplemental Rule F(3)-(4). Additionally, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Rule F(3).

### III.   ANALYSIS

The owner's original motion for entry of an *ad interim* stipulation was denied by the Court. That motion provided that the owners would "deposit no more than the sum of $287,658 in the form of a surety bond with the Court's registry with interest at the rate of 6% per annum from the date hereof and costs, and Petitioners will pay said sum and/or deposit said bond into the Court within fifteen (15) days after the demand thereof by any Claimant." *Ad Interim* Stipulation for Costs and Value at 2. The stipulation did not identify a surety. Further, the owners did not provide the Court with a letter of

undertaking executed by a surety and guaranteeing payment. Consequently, the *ad interim* stipulation was not "approved security" under Supplemental Rule F(1).

Supplemental Rule F(1) requires a shipowner to either (1) "physical[ly] surrender . . . the vessel and pending freight to a trustee," *New York Marine Managers, Inc. v. Helena Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985); *see also* Supplemental Rule F(1); (2) "deposit with the court . . . a sum equal to the amount or value of the owner's interest in the vessel and pending freight; or (3) deposit "approved security" for "the amount or value of the owner's interest in the vessel and pending freight," id. Complying with one of these three requirements "is a condition precedent to obtaining the benefits of the Limitation Act." *New York Marine Managers, Inc.*, 758 F.2d at 317.

> Submission of an *ad interim* stipulation is one way of satisfying Rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation. The stipulation is ad interim, or temporary, so that if the value of the vessel is challenged the court may allow for 'due appraisement' of the vessel prior to entering a final order or approving a stipulation establishing the value of the vessel. 'Due appraisement' generally means appraisement proceedings which afford interested parties an opportunity to be heard and to challenge the appraisement offered by petitioner.

*Complaint of N. Lubec Mfg. & Canning Co.*, 647 F. Supp. 1132, 1134 (D. Me. 1986) (quoting Supplemental Rule F(7) (citation omitted)); *see also The Ontario No. 1*, 80 F.2d 85, 87–88 (2d Cir. 1935). (explaining that, "[a]lthough the rule is silent on the subject," a "long standing" practice permits a shipowner to "obtain ex parte the issuance of a monition and injunction if he posts an ad interim stipulation in an amount approved by the court after examining affidavits presented by [the shipowner]").

Of course, an *ad interim* stipulation must do more than simply name the sum a shipowner believes he may be obligated to pay. When a shipowner submits an *ad interim* stipulation secured by a surety bond, the stipulation is "a substitute for the vessel itself." *See Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207, 218-19 (1927)). It follows that, to qualify as "approved security," an ad interim stipulation secured by a surety bond should provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust "for the benefit of [the] claimants." *See* Supplemental Rule F(1). At the very least, this should require a letter of undertaking executed by an appropriate surety. *See Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *2 (E.D. La. Oct. 6, 1998), aff'd sub nom. 177 F.3d 978 (5th Cir. 1999) (ordering shipowner to provide additional

security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing practice, in connection with ad interim stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, in the current injunction motion, the owners have filed a letter of undertaking executed by Falvey Yacht Insurance ("Falvey"), the owner's surety. ECF No. 40-1. Falvey agrees to pay the value of the *ad interim* stipulation with 6% interest. The Court finds the letter of undertaking is adequate security.

The premises considered, it is hereby

**ORDERED** that the *Ad Interim* Stipulation and Letter of Undertaking by Falvey Yacht Insurance, filed herein by Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals, for the value of the Nauti Nymph #54 with freight pending on November 26, 2016, in the principal amount of $287,658 with interest thereon at a rate of 6% per annum from the date thereof, are accepted and approved as to form, quantum, and surety; it is further

**ORDERED** that any claimant who may properly become a party hereto may contest the amount or value of the Nauti Nymph #54 and the pending freight and/or charter hire on November 26, 2016, and may move the Court for due appraisal of said interest and may apply to have the amount increased or diminished, as the case may be, or the determination of the Court of the amount or value of said interest; it is further

**ORDERED** that if the amount of said *Ad Interim* Stipulation is not contested by any claimant herein, said *Ad Interim* stipulation shall stand as a Stipulation for Value. In that case, an appraisal by a commissioner will not be required; it is further

**ORDERED** that Notice shall be issued out of and under the seal of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file its respective claims with the Clerk of Court, in writing, and to serve on the attorney for the Petitioner a copy thereof no less than 30 days after issuance of notice, or be defaulted and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on attorney for Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals an Answer to the Complaint on or before

the said date unless his claim has included an answer to the Complaint so designated, or be defaulted; it is further

**ORDERED** that Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals shall publish the aforesaid Notice as required by Supplemental Rule F of the Federal Rules of Civil Procedure in the Virgin Islands Daily News and copies of the Notice shall also be mailed to all known claimants by Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals in accordance with Rule F and this order; it is further

**ORDERED** that the commencement and/or further prosecution of any action or proceeding against Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals, the Nauti Nymph #54 in rem, its Underwriters, or any of Carpe Diem 1969's or East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals' property with respect to any claim for which Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals seeks exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty, alleged incident and/or accident occurring on or about November 26, 2016, which is described in the complaint filed in this Court bearing Civil Number 2017-56,

and the same is, hereby stayed and restrained, and all prior orders, rulings or decrees issued in conjunction with any heretofore filed libels or claims be stayed and restrained until the hearing and determination of this proceeding; it is further

**ORDERED** that Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals may make service of this Order as a restraining order through the United States Post Office by mailing a copy thereof to any persons to be restrained, or their respective attorney; and it is further

**ORDERED,** that Carpe Diem 1969 and East End Watersports, Ltd., d/b/a Nauti Nymph Powerboat Rentals shall serve copies of the aforesaid notice upon all known claimants, as required by Rule F(4) of the Supplemental Admiralty Rules by U.S. mail addressed to either the claimants or, if represented by counsel, to their attorneys.

S\_____
**Curtis V. Gómez**
**District Judge**